IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS ANTONIO RODRIGUEZ-SANTIAGO, his wife ROSA COLON-VILLOT and their conjugal partnership (legal society of earnings)<br>Plaintiffs<br>vs<br>COMMONWEALTH OF PUERTO RICO, DEPARTMENT OF EDUCATION OF PUERTO RICO, TECHNOLOGY INSTITUTE OF PUERTO RICO, RAFAEL ARAGUNDE-TORRES, FELIPE ROSA-MATOS, OSVALDO FEBLES-LEON, JOSE COLLAZO-VAZQUEZ, HECTOR VIDAL-ROSARIO, JOHN DOE, RICHARD ROE, and their respective insurance companies<br>Defendants | CIVIL 09-1645CCC |

**ORDER**

On January 26, 2011, the Court issued an Order (docket entry 44) where it stated that, after reviewing the factual allegations of the Complaint (docket entry 1) in preparation for the pretrial conference scheduled for that date, it had concerns regarding the sufficiency of the federal causes of actions therein asserted. Thus, it required plaintiffs to show cause why those causes of action should not be dismissed for failing to meet the pleading standards established by the Supreme Court in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2008).

Plaintiffs complied on March 14, 2011 (docket entry 47), through a motion where they extensively quote from the statutes averred in the Complaint as well as from its allegations, without making much of an effort to explain how those allegations actually meet the Iqbal/Twombly pleading standards. Predictably, defendants opposed their response (docket entry 48), outrightly claiming that, as the Court had intimated, the Complaint fails to properly plead claims for relief.

CIVIL 09-1645CCC                                         2

The pleading standard forged by the Supreme Court during recent years is by now firmly established.  As recently summarized by the Court of Appeals:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)). A claim is facially plausible if supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  While "[t]he plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." Id.  Unless the alleged facts push a claim "across the line from conceivable to plausible," the complaint is subject to dismissal. Id. at 1951 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).

Eldredge v. Town of Falmouth, MA, —F.3d—, 2011 WL 5840270 (1st Cir. 2011).  "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010).

We have once more carefully examined all the allegations of plaintiffs' Complaint, and after again doing so are now firmly convinced that it fails to comply with the Iqbal/Twombly requirements.  The Complaint starts by identifying the federal statutes under which the claims there included are being asserted --Title VII of the Civil Rights Act, 42 U.S.C. §§ 1981, 1981a and 1983 (First Amendment and Due Process claims), and the Uniform Services Employment and Re-Employment Rights Act (USERRA) --as well as various laws of the Commonwealth in which the supplemental claims are grounded. Complaint, at ¶¶ 2-5.  It then identifies the two plaintiffs --Luis Antonio Rodríguez-Santiago (Rodríguez) and Rosa Colón-Villot-- and the eight defendants: the Commonwealth of Puerto Rico, the Department of Education of Puerto Rico (DOE), the Technology Institute of Puerto Rico (Institute), Rafael Aragunde-Torres (Aragunde), Felipe Rosa-Matos, Osvaldo Febles-León (Febles), José M. Collazo-Vázquez (Collazo) and Héctor Vidal-Rosario (Vidal). Complaint, at ¶¶ 7-16.  What follows, under the heading "Facts," is a description by plaintiff of his appointment as director of the Institute (Complaint, at ¶ 21), the publication of a bulletin by some of his underlings at

CIVIL 09-1645CCC                                          3

the Institute where they referred to him as "black,' "little soldier," "veteran" and other names (Complaint, at ¶ 23), and his subsequent dismissal as the Institute's director and transfer to the DOE's Ponce region where he was assigned as director of various schools (Complaint, at ¶ 24). It is salient to note, however, that plaintiffs never identify which specific defendant(s) is(are) to be held responsible for these adverse personnel actions, which they conclusorily aver were discriminatory on the basis of race and also in violation of his First Amendment and Due Process constitutional rights. (Complaint, at ¶¶ 31, 32). In fact, with just a couple of exceptions, plaintiffs' allegations are made generically against "Defendants," without any specification of which of the defendants they contend are liable and under which causes of action.[1]  And those two exceptions, contained in ¶¶ 21 and 23, are not enough to

---

[1]Those generic allegations are quoted below:

> 22.  Plaintiff Luis Antonio Rodríguez-Santiago was discriminated, harassed and persecuted by co-defendants.
>
> 23.  . . . Co-defendants did not take any type of action and failed to provide plaintiff with a proper work environment . . .
>
> 26.  . . . co-defendants fabricated a[n] administrative case and a report was rendered with false information . . .
>
> 27.  Plaintiff was defamed, discredited by the defendants, supervisors and other officials.  Co-defendants, his supervisors and other officials made false and derogatory remarks about his performance in order to justify his removal and other personnel actions against him . . .
>
> 28.  Co-defendants utilized their official duty position and acted under color of law . . .
>
> 29.  The wrongful and negligent acts of all co-defendants, their managers, officials, employees, and representatives were the direct cause or contributed to the facts alleged in the complaint and al the damages suffer[ed] by the plaintiffs.
>
> 32.  Plaintiff Luis Antonio Rodríguez-Santiago was humiliated, defamed, discredited, retaliated, discriminated, harassed, persecuted by defendants.  Co-defendants, his supervisors and other officials made false and derogatory remarks about his performance in order to justify his removal and other personnel actions against him, these were known by his co-workers, subordinates, and other officials . . .

CIVIL 09-1645CCC                                    4

hinge any liability on the defendants therein mentioned specifically.  Paragraph 21 narrates how, just four days short of completing his probationary period in the position of director of the Institute, defendant Aragunde called plaintiff Rodríguez and informed him that he would be transferred from said position, only to immediately cancel the announced transfer when Rodríguez objected to it and explained that he had not requested to be reassigned.  Thus, no adverse action against Rodríguez occurred at the time.  Similarly, while in paragraph 23 plaintiffs make reference to the name-calling contained in the bulletin prepared by Rodríguez' subordinates, and claims that Febles "only action was to tell plaintiff on various occasions to overlook the situation until they cease and to tolerate/suffer it because it comes with the position/job description," nothing in Febles action, even if true, serves to make him liable for any of the federal claims asserted by plaintiffs in their Complaint.

Thus, plaintiffs' complaint is subject to *sua sponte* dismissal because they have not alleged that any particular defendant took any action that was in violation of their rights. See e.g. Iqbal, 129 S.Ct. at 1948 (holding that, in a civil rights case, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").   See also Rizzo v. Goode, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant).  The fact that scattered along the Complaint are several "shotgun" allegations against all the defendants, as we noted above (see note 1, *supra*), fails to save the day for them since that method of pleading is inadequate to state a claim.

As plaintiffs' Complaint is a classic example of "shotgun" pleading --listing a host of statutes and claiming that each has been violated by multiple defendants collectively  without specifying the liability or actions of each defendant-- it fails to state cognizable federal claims. Accordingly, the federal causes of action there asserted are all DISMISSED, with prejudice.

CIVIL 09-1645CCC                                        5

The supplemental claims raised under the laws of the Commonwealth are also DISMISSED, but without prejudice.  Judgment shall be entered accordingly.

    SO ORDERED.

    At San Juan, Puerto Rico, on November 30, 2011.


                                       S/CARMEN CONSUELO CEREZO
                                       United States District Judge